ALBERT WOLF, Appellant, v. DES MOINES ELEVATOR CO.,
Appellee.

**Appeal:** ABSTRACT.  It does not necessarily follow from the fact
1   that the cross-examination of certain witnesses does not ap-
pear in appellant's abstract, that the same does not contain
the substance of the evidence as required to be set out; this
objection should be met by an amended or additional abstract.

**Negligence:** OPERATION OF ENGINE.  The question of negligence in
2   the use of a gasoline engine for the operation of an elevator in
near proximity to a traveled highway, resulting in an injury
from a frightened team, was, under the evidence in the case,
one of fact for the jury.

**Same.**  The fact that plaintiff's team was not upon a public street
3   when frightened by defendant's negligent use of an engine, did
not affect his liability for an injury resulting therefrom, it ap-
pearing that plaintiff was not a trespasser but upon a traveled
way the use of which defendant had acquiesced in.

*Appeal from Pottawattamie District Court.*— HON. N. W.
MACY, Judge.

WEDNESDAY, FEBRUARY 15, 1905.

ACTION to recover damages for a personal injury.  At

the close of the evidence the court instructed a verdict in favor of defendant, and entered judgment against plaintiff for costs. From such judgment, plaintiff appeals.— *Reversed.*

·*Roscoe Barton,* for appellant.

*Carr, Hewitt, Parker & Wright* and *A. L. Preston,* for appellee.

BISHOP, J.— It is evident that the court below directed the verdict for the defendant on the ground that the evidence produced upon the trial by plaintiff did not warrant a verdict in his favor. The appellee has filed in this court an additional abstract in which our attention is called to the fact that portions of the evidence introduced upon the trial have not been preserved· and are not before us for examination and consideration. Accordingly it is said that the entire record upon which the ruling complained of was based is not in this court, and for that reason the judgment should be affirmed. It is disclosed by the additional abstract that the cross-examination of various witnesses is entirely omitted from the abstract filed by appellant. The additional abstract does not set forth such omitted evidence, and we cannot, therefore, by inspection determine the character or importance thereof. It is very true that there can be no review in this court of the correctness of a ruling directing a verdict because of the insufficiency of the evidence, unless all the evidence upon which the ruling is predicated is before us. But this does not mean that the evidence must be brought into this court in *hæc verba.* The rule requires that an abstract of the evidence shall be made and filed, and a literal transcript is required only in cases where a dispute arises, and to the end that such dispute may be settled. An abstract is an abbreviated or condensed statement, in narrative form, where possible, of the material parts of the record. As applied to the matter of evidence, it is a

1. APPEAL: abstract.

succinct statement of the facts testified to by the witnesses without unnecessary repetition.    There is no rule of court or statute which requires that the abstract shall disclose what matters were testified to on direct and what on cross-examination, although to thus designate is undoubtedly the better practice.    In the making of an abstract, therefore, it is the duty of counsel to include only the substance of the testimony introduced.    Manifestly, if the cross-examination of a witness be found to consist of a mere repetition of his testimony given on direct examination, there could be no reason for burdening the abstract with the twice-told story.    If, from the viewpoint of the appellee, there was reason for bringing forward the cross-examination, it was his undoubted right to do so by way of an amendment or an additional abstract.    It follows that we cannot say, from the mere fact that the cross-examination of several witnesses does not appear in the abstract, that we have not all the evidence in the case before us.

II.    Defendant is engaged in the business of buying and shipping grain at Avoca, Pottawattamie county, and in that connection owns and operates a grain elevator situate on the station grounds of the Chicago, Rock Island & Pacific Railway Company in said city.    The building is located on the north side of the railway tracks, and in close proximity thereto.    The building does not abut on any regularly laid out street, but the grounds are open to permit of free access to all buildings situate thereon.    Running past the east end of defendant's building there is a traveled way across the station grounds, which connects with the streets of the city, and it appears that such way has been generally used for many years by the traveling public having occasion to pass that way.    In the operation of defendant's elevator some form of power is essential, and in October, 1900, defendant installed in the engine room — which is an addition built on the north side of the main building — a gasoline engine.    The exhaust pipe from such engine extends up through the roof of the engine room, and the

2. NEGLIGENCE: operation of engine.

location thereof is about forty feet distant from the traveled way referred to. When the engine is working, loud, sharp puffs or explosions are given off through such exhaust pipe, at more or less irregular intervals. There was evidence on behalf of plaintiff tending to prove that the muffler in use by defendant — a muffler being, as we understand it, a device attached to the exhaust pipe, and through which the exhaust passes, and intended to muffle the sound of the exhaust — was ineffective for the purpose intended. There was also evidence tending to prove that, without interfering with the effective operation of the engine, the exhaust pipe could be carried to the rear of the building, or the exhaust could be conducted into a tube or vat of water, by either of which means the noise as heard from the street would be materially lessened. At the time of his accident plaintiff was driving a team of horses down the traveled way mentioned, when his team took fright from the exhaust explosions produced by defendant's engine, and ran away, resulting in the injury of which he complains.

The claim made by plaintiff for damages is predicated upon the theory that defendant was negligent in the matter of the use and operation of its elevator, and the engine therein located, thereby creating a nuisance, and that his injury was the proximate result thereof. The right to recover upon the claim as thus made is put squarely in issue by the motion to direct a verdict. The doctrine is well settled that it is not negligence *per se* to establish, in nearby proximity to a public thoroughfare, a factory, shop, or other industrial plant, in the necessary and reasonable operation of which loud or discordant noises are produced. The demand of the present day conditions are such that the establishment and operation of such plants not only subserve the convenience of our people, but, in the larger part, they are matters of necessity. Thus in a recent case it is well said:

It certainly cannot be said to be *per se* negligence to erect and operate a sawmill within sixty feet of a county road.

If this be not true, then it would be hazardous to erect any manufacturing establishment on a highway or public street, because, if a horse should become frightened, and injure some one, then the owners or proprietors would be liable to damages therefor.   *   *   *   To hold that the erection of a sawmill or a manufacturing establishment near a public highway or street is *per se* negligence would be to circumscribe the business affairs of life, and retard the progress of the age.   The usual noises which attend the operation of machinery in mills and manufacturing establishments situated on public highways and streets are such to which the traveling public must submit.

*Goodin v. Fuson,* 22 Ky. Law, 873 (60 S. W. Rep. 293).   On the other hand, it is to be said that the traveling public is entitled to make free use of highways and streets, and an adjoining property owner has no right to so use his property as to interrupt or interfere with the exercise of such right by creating or maintaining conditions unnecessarily dangerous, either in the way of producing unusual noises calculated to frighten horses ordinarily tractable and subject to control, or otherwise.   *Parker v. Union Woolen Co.,* 42 Conn. 402; *Smethurst v. Ind. Cong. Church,* 148 Mass. 263 (19 N. E. Rep. 387, 2 L. R. A. 695, 12 Am. St. Rep. 550); *Island Coal Co. v. Clemmitt,* 19 Ind. App. 21 (49 N. E. Rep. 38).   Such, as we think, is also the doctrine of the cases cited and relied upon by counsel for appellant, wherein is involved the liability of a railway company for damages where a team becomes frightened and runs away as the result of the sudden noise incident to the escape of steam from a standing locomotive.   *Louisville, etc., Ry. v. Schmidt,* 134 Ind. Sup. 16 (33 N. E. Rep. 774); *Scaggs v. Railway,* 145 N. Y. 201 (39 N. E. Rep. 716); *Howard v. Railway,* 156 Mass. 159 (30 N. E. Rep. 479).

The basic principle upon which the doctrine of all the cases is bottomed is found in the maxim old as the books — in substance, that no man shall make use of his own property in such manner as to unreasonably interefere with the en-

joyment on the part of others of the rights conferred upon them by law.. Of necessity it follows that in each individual case the question must resolve itself to this: Was the use being made of the adjacent property such in character as to be an unnecessary interference with or unnecessarily dangerous to persons making lawful use of the street or highway? And whether or not improper use amounting to negligence has been made to appear in any given case is generally a question to be determined by the jury. Taking the facts as shown by the record in the instant case, we think it cannot be doubted but that the elevator was located at a place where it might properly be. So, too, as we think, the use of a gasoline engine in connection with the operation of such elevator was proper and lawful, and cannot therefore be said to have been *per se* negligent. The use of gasoline in the creation of motive power has become general throughout the country, not only in the operation of mills and factories, but as well for the purposes of locomotion, and there can be no grounds upon which to predicate at this time a holding that such use is in and of itself wrongful. As in the use of steam and electricity, it becomes wrongful only when the use is attended with negligence. Accepting such to be the law, there is no escape, in our view, from the conclusion that, under the facts disclosed, the question whether there was negligence in the matter of the use and operation of defendant's engine should have been submitted under proper instructions to the jury for a verdict.

III. Counsel for appellee make the point that a recovery must be denied to plaintiff in any event for that at the time of his accident he was not traveling a public street, but was on private grounds. We do not share in the view thus taken. The way was open and generally traveled, and this condition had existed for many years. We need not consider what was the character or extent of the rights acquired by the public. Certain it is that the use being made of the way was well known by all,

3. SAME.

and acquiesced in by the railway company and its tenants, including the defendant.  Plaintiff was not a trespasser, therefore, and the fact of his use of the way can in no sense be said to have involved a want of proper care on his part. Other questions argued are not likely to arise upon a new trial.

For the error in taking the case from the jury and entering judgment against plaintiff upon an instructed verdict, the judgment must be reversed, and the cause remanded for a· new trial.— *Reversed.*

Supplemental opinion on rehearing.

Wednesday, February 15, 1905.

Bishop, J.— Appellee has submitted a petition for rehearing, which, having been fully considered, we agree must be overruled.   We think it proper to say, however, in explanation of the original opinion, and in view of a possible new trial, that we are not to be understood as holding that the law imposes upon one operating a gasoline engine the abstract duty of adopting any particular method of muffling ·the sound of the exhaust, or, for that matter, of employing any method whatsoever.   The question is one of negligence, in any event; and, as bearing upon this, the method used, if any, and the sanction which has been made of such use in the practical experience of others, are matters material to be considered. From such consideration it follows, also, that the mere fact ·that a device adopted, and which proves ineffective, in the sense that it does not wholly destroy the sound of the exhaust, is not of itself sufficient to establish negligence.

Further, and in respect of the third subdivision of the original opinion, we are to be understood as holding merely that the evidence in the record before us is sufficient to establish the way upon which plaintiff was traveling as a public thoroughfare, and that plaintiff had the right to use the same as such.   Accordingly we are not called upon to determine

what the rights of plaintiff might have been, had the record disclosed that his use of the way was that of a mere·licensee.

With these explanations, our former opinion is adhered to.