**C. R. ANTHONY COMPANY, a Corporation, Plaintiff in Error,**

**v.**

**Brenda MILLION, Defendant in Error.**

**No. 40946.**

Supreme Court of Oklahoma.

Nov. 14, 1967.

Robert B. Harbison, Altus, for plaintiff in error.

Hal L. Grider, Grider & Worrell, Altus, for defendant in error.

BLACKBIRD, Justice.

Defendant in error, as plaintiff, obtained a verdict and judgment from plaintiff in error, as defendant, for damages for per-

sonal injuries she allegedly suffered when she bumped her head on the bottom edge of a canvas awning in front of defendant's store.

Although other alleged errors are assigned in defendant's petition in error, the only one argued in its brief is the trial court's alleged error in overruling its challenges to the sufficiency of the evidence. It is defendant's position that the court erred in submitting the case to the jury, because the evidence failed to show any "actionable negligence" on its part.

When plaintiff bumped her head on the awning, she had been in defendant's store as a customer and had just walked out of the store's front door and across the sidewalk in front of it.

At the time of the accident, plaintiff had been employed continuously a little more than two weeks at another store in the same row of stores as defendant's store. This row of stores faces west, and all have glass fronts. A roof extended over the sidewalk in front of defendant's store and at least one other store in that row. The sidewalk in front of defendant's store was estimated by one witness to be twelve feet wide, from the store's front door and wall, to the curb. The roof over the sidewalk is supported by a row of upright steel posts at, or near, the curb line; and the awning, which hangs vertically parallel with, and just in front of, this row of posts, from the ceiling under the roof, straight down toward the sidewalk, can be lowered to within about five feet of the sidewalk's surface, or left hanging at a higher level, by the use of cords, or ropes, and pulleys suspended from said ceiling. The bottom of the awning incloses a metal pole, or length of metal pipe, extending horizontally and acting as a weight and roller, which causes the awning to drop when its cords, or ropes, are released. This metal roller was the hard object at the bottom of the awning, on which plaintiff bumped her head, while attempting to walk under the awning, to go to her father's automobile, from the store's front door. At that time, which was be-

tween 5:00 and 5:30 P.M., the awning had been lowered to its five-foot level to protect the merchandise in defendant's store's front windows from the fading effect of the late afternoon sun's rays. And, it was the sun's rays, shining in her face, under the bottom of the awning, or reflecting off of the cars and pavement in the parking area in front of the store, which plaintiff testified blinded her so that she misjudged the height of the awning's bottom edge, and attempted to walk under it, without stooping, or lowering her head.

The impact of her head in striking the awning's lower edge and roller caused her to fall to the sidewalk. Later, the same day, she went to the hospital for examination and treatment.

▆ Defendant readily recognizes that plaintiff was a business invitee of its store, but urges that the evidence's insufficiency to show any actionable negligence on its part, is clear under the rule announced in Safeway Stores, Inc. v. McCoy, Okl., 376 P.2d 285, as follows:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from *a danger which was obvious or should have been observed* in the exercise of ordinary care." (Emphasis added).

In connection with its insistence that the evidence in this case shows no breach, on its part, of any duty of care owed plaintiff under the above quoted rule, defendant calls our attention to the evidence indicating that plaintiff was familiar with the awning on defendant's store (similar to the one in front of the nearby store where she worked) and that it was plainly visible, was of a permanent nature, and had no moving parts or other characteristics to render it inherently dangerous, or a hidden hazard. Its counsel argues, in effect, that if defendant's liability in this case is to be upheld, then it could also be held liable for such a

customer's injury from stumbling over the curb, or walking into one of the upright steel posts, in front of the store, while the sun is blinding her.

Plaintiff calls our attention to the testimony that, after the accident, defendant discontinued its practice of lowering the awning to its five-foot level, but began a practice of lowering it no lower than its six-foot level, so that customers of plaintiff's height could not strike their heads on it. She contends that the question of whether defendant was negligent in having the awning at its five-foot level on the day of the accident was properly submitted to the jury, which by its verdict determined that defendant should have foreseen that lowering the awning to a height of five feet above the sidewalk would be a hazard to customers of about the same height, who attempted to walk under it when the sun's rays might momentarily blind them to the extent that they could not accurately judge the awning's height. Plaintiff's counsel would have us conclude that the situation in this case is analogous to the situation in J. J. Newberry Company v. Lancaster, Okl., 391 P.2d 224, in which the plaintiff stumbled over a stool while walking down an aisle in defendant's store; and we said:

"* * * The stool alone was obvious and not dangerous. A stool in a narrow aisle which left barely half the aisle for use by customers narrowed the physical situation as concerned the defendants' duty to invitee. The presence of the stool, an impediment neither customarily nor ordinarily expected to be found in a store aisle, at a point where any invitee examining merchandise had to walk looking upward without opportunity to observe the aisle ahead presents an entirely different situation. The complexion of the overall physical situation changes when an object which is obvious and not dangerous of itself, becomes a part of a potentially dangerous physical surrounding because joined with other circumstances created by acts or omissions of the storekeeper. * * *"

See also the syllabus in Jackson v. Land, Okl., 391 P.2d 904, and, as to related matters, see Pruitt v. Timme, Okl., 349 P.2d 4. Plaintiff's counsel argues that "plaintiff was excused from not seeing the awning since it was the rays of the sun shining into her eyes which caused her to misjudge the height of the awning, said rays of the sun being a condition outside of herself which prevented her from seeing the hazard. * * *".

Plaintiff's argument fails to demonstrate why this case is *beyond* the scope of the rule quoted above from the Safeway Stores Case, and *within* the quoted language of the J. J. Newberry Company Case. Unlike the stool in the latter case, if the awning involved here was "a part of a potentially dangerous surrounding", it was not so "because joined with other circumstances *created by acts or omissions of the* (defendant) *store keeper*", but because, joined with the reflected rays of the sun on autos and pavement, which, of course, the defendant did not create and, for which it was not responsible.

Plaintiff has cited no case in which a storekeeper was held liable in an accident similar to this one and our independent research has revealed none, except those such as Martin v. Siller, 17 Cal.App.2d 153, 61 P.2d 540, where there was a city ordinance prohibited awnings to be lowered to within a certain distance of the sidewalk, and defendant's violation of said ordinance was held to be negligence per se, and some Georgia cases cited in Chotas v. J. P. Allen & Co., 113 Ga.App. 731, 1966, 149 S.E.2d 527, 329, which follow a rule based upon the hypothesis that the defendant owners or occupiers of the premises have failed to exercise ordinary care. In one of the earlier awning cases of that line of Georgia cases, Bray v. Barrett, 84 Ga.App. 114, 65 S.E.2d 612 (discussed in the Annotation at 90 A.L.R.2d 329, 330) the court said (at p. 615 of 65 S.E.2d): *"It is assumed* in the argument * * * of the plaintiff in error that the defendant was guilty of negligence * * *" (Emphasis added).

Here the pivotal question at issue is: Whether, or not, as a matter of law, defendant was guilty of any culpable negligence proximately causing plaintiff's injury? We think that, in conformity with the rules governing such matters in this jurisdiction, and in accord with the better reasoned authorities, this question must be answered in the negative.

We therefore hold that the trial court erred in overruling defendant's motion for a directed verdict, and that, on account of this error, said court should have sustained defendant's motion for a new trial. Accordingly, it is the order of this Court that said court's order and judgment overruling said motion be and is hereby reversed, and this cause is remanded to said court, with directions to enter judgment for defendant on account of the insufficiency of the evidence to warrant a recovery by plaintiff.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.