[Civ. No. 27050. First Dist., Div. Four. May 5, 1970.]

VIRGINIA ETABIS WISHER, as Administratrix, etc.,
Plaintiff and Appellant, v.
R. W. FOWLER, Defendant and Respondent.

## COUNSEL

F. Gordon Chytraus for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and W. R. Rosecrans for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Appellant administratrix seeks recovery for the wrongful death of her decedent. Respondent's general demurrer to appellant's amended complaint was sustained without leave to amend. The appeal is from an ensuing judgment of dismissal.

 As to several defendants the amended complaint alleged that on August 30, 1967 decedent, as he was leaving the Firestone Tire and Rubber Company plant in Monterey County on his motorcycle, was struck and killed by an automobile passing by on a public street onto which the plant entrance gives access. In the second cause of action liability was asserted against the present respondent upon facts summarized as follows: (1) Respondent is the owner of property abutting the public street adjacent to the plant entrance. (2) Respondent created or allowed to be maintained on his property adjoining the street a thick hedge, 8 feet high, which obscured the view of persons entering the public street from the Firestone plant until such persons were "in excess of 15 feet on the roadway." At the same time, drivers approaching the area of the Firestone plant on the public street were "unable to see cars or traffic exiting therefrom except for a distance of the last 25 feet to the said access road to the Firestone plant." The effect of the hedge in restricting vision was increased by the fact that the public road made a turn as it approached the plant entrance. (3) The posted speed for traffic in the area was "known by defendants to be 65 miles·per hour." (4) Respondent had rejected repeated requests by representatives of the Firestone Company to remove the hedge.

Another count of the complaint alleges that the hedge was a nuisance violating the setback ordinances of the county and that, prior to the happening of the accident, respondent had been requested to abate the nuisance. Appellant's brief makes no mention of the nuisance count in the amended complaint. Accordingly, that theory will not be further discussed.

Appellant first contends, citing *Cooper* v. *Leslie Salt Co.* (1969) 70 Cal.2d 627, 635 [75 Cal.Rptr. 766, 451 P.2d 406], that the court erred in refusing to permit a further amendment of the complaint. But the court sustained the general demurrer without acting upon the special demurrer

for uncertainty; it is to be noted also that appellant has not suggested any manner in which he would desire to improve the complaint if an amendment were to be allowed. (Cf., *Cooper* v. *Leslie Salt Co., supra,* at p. 636.) Accordingly, the failure to allow amendment has no significance; the real question in the appeal is whether the complaint stated a cause of action for negligence.

Appellant contends that the complaint did state a cause of action for negligence in the creation of an artificial condition on respondent's property involving an unreasonable risk of harm (citing *Coates* v. *Chinn* (1958) 51 Cal.2d 304 [332 P.2d 289], and Rest. 2d of Torts, § 363).[1] Respondent bases his opposition to this contention only on the general rule stated in the Restatement that one is not liable for natural conditions on his land, and on the claim that "If the plaintiff's theory is sound, every hedge, tree or building sufficiently close to any intersection to obstruct vision would be the basis for a cause of action."

■ The complaint is ambiguous in alleging that respondent "did negligently create *or* allow to be maintained . . . [the hedge complained of]." (Italics added.) But this defect was not pointed out by special demurrer. If it were proved that respondent "created" the hedge, the hedge would not be a "natural condition" within the meaning of section 363 of the Restatement. (See comment b, to § 363: "On the other hand, a structure erected upon land is a non-natural or artificial condition, as are trees or plants planted or preserved, . . .") In that situation it would be a question of fact whether the particular unnatural condition would, under general principles of negligence, expose the landowner to liability. If, on the other hand, the hedge was natural and was merely "allowed to be maintained" by the landowner, the doctrine of Restatement, section 363, would apply. ■ Even so, an issue of fact was tendered as to the character of the land in question (as urban or rural) within the meaning of Restatement section 363, subdivision (2). If the land is found to be urban, it is not inconceivable that appellant could produce substantial evidence that respondent failed "to exercise reasonable care to prevent an unreasonable risk of harm from the condition of trees on the land near the highway."

In *Coates* v. *Chinn, supra,* 51 Cal.2d 304, the injuries which were held to be compensable were inflicted on passersby when a limb fell from a road-

---

[1]Section 363. "(1) Except as stated in Subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.

"(2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway."

side tree which had been planted by the landowner's predecessor. ▉ The facts here alleged are different in that the injury was not caused directly by respondent's hedge. But whether that difference is significant depends upon the foreseeability of the harm—a question of fact which cannot be resolved on demurrer. (Rest. 2d Torts, § 442 A.)[2]

It has been pointed out (Prosser on Torts (3d ed.) § 57, pp. 361, 362) that the rule exempting a landowner from liability for injury resulting from natural conditions on his land in rural areas is an exception to the general rule imposing liability upon any person for loss caused by his want of due care. ▉ Prosser suggests that proper analysis indicates that "the ordinary rules as to negligence should apply in the case of natural conditions, and that it becomes a question of the nature of the locality, the seriousness of the danger, and the ease with which it may be prevented." (Prosser, *op. cit., supra,* p. 363.) Of course these are all factual considerations to be determined by a trier of fact.

The judgment is reversed with directions to overrule the general demurrer as to the negligence count.

Devine, P. J ., and Rattigan, J., concurred.

---

[2]Section 442 A. "Where the negligent conduct of the actor creates or increases the foreseeable risk of harm through the intervention of another force, and is a substantial factor in causing the harm, such intervention is not a superseding cause."