Carroll Dwight HENRY, Plaintiff in Error,

v.

HALLETT CONSTRUCTION COMPANY, Defendant in Error.

No. 43296.

Supreme Court of Oklahoma.

Sept. 14, 1971.

Robert G. Grove, Oklahoma City, for plaintiff in error.

Foliart, Shepherd, Mills & Niemeyer, David W. Edmonds, Oklahoma City, for defendant in error.

HODGES, Justice.

This is an appeal from the District Court of Oklahoma County involving a personal injury action tried to a jury with the verdict for defendant and plaintiff appeals. Affirmed.

The defendant contractor entered into a contract with The Oklahoma Turnpike Authority to pave a portion of the H. E. Bailey Turnpike interchange with U. S. Highway #62. Defendant was one of many contractors who worked on different portions of the turnpike and its connecting roads. It had been necessary to close U. S. #62 while work was being performed and a detour road had been constructed down the east side of the highway. This detour was used by traffic while each contractor in turn worked on his portion of the construction. Under the contract it was necessary for defendant to remove a portion of the detour known as a taper or angled portion following completion of his work. The taper or angled portion of the detour ran in a northeast to southwest direction from a point where the detour intersected a county road at right angles. The tapered portion angled off across a farmer's field. Following completion of the work defendant was required to close this portion of the detour and restore it to farm land. The remainder of the detour remained as a frontage road.

Sometime in the month of March 1964, defendant had cut a ditch across the north end of the taper along the south side of the county road which intersected the detour. The detour then stopped at the county road and traffic was required to turn right or left on the county road to continue on. A saw horse barricade had been placed in front of this ditch along the south line of the county road by someone other than the defendant. A state highway sign was posted about 500 feet from the intersection of the detour with the county road indicating a right hand and then a left hand turn or a jog in the detour. Below this sign was another sign indicating a speed of 45 miles per hour.

Plaintiff was injured on April 3, 1964, when his car failed to make a turn at the county road and continued into the field. The accident occurred at night following a rain and the pavement was wet. Plaintiff suffered head injuries and did not recall the events just prior to the accident.

Plaintiff raises the following matters on appeal as reversible error: the court as a matter of law ruled that the Turnpike Authority had accepted the completion of the work on April 1, 1964; the court refused to give instructions on failure of defendant to comply with the standard specifications of the Oklahoma Turnpike Authority; the court erred in giving an instruction of contributory negligence, reasonable and proper speed and defective headlights.

The question concerning the acceptance of the contract arises because of the

meaning of the word "engineer". The engineer accepted the completion of the work on April 1, 1964. The consulting engineer accepted the completion of the work on April 7, 1964, following the accident. Plaintiff maintains that the engineer referred to as the one who has authority to accept the work of the contractor is the consulting engineer. Section 107.11 of the standard specifications of the Oklahoma Turnpike Authority pertaining to construction of Oklahoma Turnpikes provides that the contract will be fulfilled when the final inspection and acceptance has been made by the "engineer". Section 101.11 defined the term "consulting engineer" as the one who has general engineering supervision of the contract, and Section 101.18 defined the term "engineer" as the one who provides engineering supervision of the contract. Testimony in the trial indicated that the engineer was the one who had actual on the job supervision of the project in question and the consulting engineer had overall general supervision. The engineer had first hand knowledge, day to day supervision and was the one responsible for this section of the work.

The contract calls for the "engineer" to make the final inspection and to accept the work as completed, and not the consulting engineer. If the contract had meant for the engineer to be the consulting engineer as plaintiff advocates it would have been an easy matter to have so stated. The contract means what it says and the court properly ruled that the contract had been accepted.

■ The work having been completed and the contract accepted two days prior to the accident in question what then is the duty of the defendant to the traveling public? The court properly explained this duty to the jury in instruction #13 which informed the jury that if they found defendant created a condition that was dangerous to the public and could have foreseen that the Oklahoma Turnpike Authority or the state highway department would not correct this dangerous condition on or before April 3, 1964 and that the defendant's acts were the proximate cause of the plaintiff's injuries then they would find for the plaintiff. This instruction properly conveys to the jury the duty of the defendant following acceptance of the work by the contractee. Greenwood v. Lyles and Buckner, Inc., Okl., 329 P.2d 1063 (1958).

■ Plaintiff next asserts error regarding the instructions on contributory negligence. The accident occurred at night on wet pavement. A barricade was placed in front of the ditch on the south side of the county road, and sign indicating curve, right angle and left angle, or a jog, with a speed of 45 miles per hour posted on it was erected by the highway department some 500 feet distance from the curve. There were no skid marks left by the plaintiff vehicle. The highway patrolman who investigated the accident estimated the speed of the car at 55 miles per hour. There was sufficient evidence upon which to instruct the jury of contributory negligence. Croft v. Dodson, Okl., 310 P.2d 375 (1957).

■ The instruction on statutory requirement of headlights was merely informative of this requirement and was not one which indicated plaintiff had defective headlights as he asserts. Regardless of whether it was proper it was not prejudicial and will not require reversal. Parris v. McCallay, Okl., 424 P.2d 62 (1967).

■ The instruction regarding reasonable and proper speed was correct in light of the evidence. Whitney v. Douglas, Okl., 307 P.2d 154 (1957).

We find no reversible error on the part of the trial court and the judgment rendered on the verdict is affirmed.

All Justices concur.