**Joann BOUDREAUX, as Personal Representative of the Estate of Kenneth Boudreaux, Appellant,**

v.

**SONIC INDUSTRIES, INC., Sonic Drive In, et al., Appellees.**

**No. 64607.**

Court of Appeals of Oklahoma, Division No. 3.

June 24, 1986.

Rehearing Denied July 22, 1986.

Certiorari Denied Nov. 19, 1986.

Rex K. Travis, Oklahoma City, for appellant.

Sally Gilbert, Oklahoma City, for appellees.

HANSEN, Judge:

This Accelerated Docket case was orally presented and submitted to a three judge panel of the Court of Appeals. Upon examination of the records and briefs and based upon argument of counsel, the case was withdrawn from the Accelerated Docket and placed on the Regular Docket of this court.

This appeal by Plaintiff below arises out of the trial court's order granting Defendant's motion for summary judgment. Plaintiff, Joann Boudreaux, filed suit against Sonic Industries, Inc., Sonic Drive In, (Sonic) and Stephanie Cobb for the wrongful death of her husband Kenneth Boudreaux. At the time of the accident Miss Cobb was attempting to exit the Sonic Drive-In Restaurant on N.E. 23rd, east of Oklahoma City, Okla. When she pulled to the curb line, the view to the east was obstructed by a large, permanent Sonic sign. As she made a left turn onto 23rd Street she struck a motorcycle coming from the east driven by decedent Kenneth Boudreaux. He was thrown from his motorcycle, suffered a head injury and subsequently died.

After filing this action, Plaintiff settled with the driver of the car, Ms. Cobb. Plaintiff alleged in her petition Sonic was negligent in placing its sign too close to the highway so that it obstructed the view of traffic. She further alleged this negligence caused the death of decedent.

Sonic moved for summary judgment arguing statements in Ms. Cobb's deposition clearly indicated the sign was not the cause of the accident. In response Plaintiff submitted an affidavit of the police officer who had investigated and photographed the accident scene. These pictures appeared to support allegations the view of the road was obstructed by the sign. The officer stated his investigation disclosed that because of the sign, a vehicle 200 feet down the highway could not be seen by a driver exiting Sonic without her pulling into the roadway. Nevertheless, the trial court granted Sonic's motion and Plaintiff appeals.

The basis for Sonic's motion for summary judgment was a statement in Ms. Cobb's

deposition in which she states once she leaned forward in her car, she could see approaching oncoming traffic to her left. However, other portions of the deposition indicate Ms. Cobb could *not* unequivocally state her vision was unobstructed.

While a single statement in Ms. Cobb's deposition may be a tool in impeachment, it should not be the basis for summary judgment. The trial court does not weigh the evidence on a motion for summary judgment. That must be left to the jury.[1] The trial court must not decide which of Ms. Cobb's deposition statements are credible and which are not. A genuine question for the jury exists as to whether Ms. Cobb's view was obstructed by Sonic's sign.

Sonic did not argue the "condition versus cause" dichotomy in its motion for summary judgment or on appeal, and we do not deal with it herein. In fact Sonic's reply to Plaintiff's response stated "the instant case does not present the condition versus proximate cause issue".

■ The questions of whether Sonic created a dangerous situation by placing the sign so close to the highway and whether such action was the proximate cause of decedent's death are for the jury.[2] In addition whether Sonic could have reasonably foreseen or anticipated injurious consequences from a hazardous placement of its sign is also a jury question.[3]

The trial court did not address the threshold issue of a landowner's duty to travelers on a public highway. Its ruling was based solely on lack of causation. It is axiomatic Sonic owes a duty of care toward Ms. Cobb as its customer and invitee.[4] But under Oklahoma law if Sonic's duty of care does not extend, through Ms. Cobb to law-

ful travelers on the public highway, then this court may affirm, even though the trial court did not rule on that issue. A trial court will be affirmed if its judgment reaches a legally correct result.[5] For this reason this court requested and received briefs by the parties addressing the issue of whether a landowner whose property abuts a highway owes a duty of care to the traveling public.

■ Oklahoma has long recognized an owner has the right to construct anything he chooses on his land, even in close proximity to a public roadway. But that right must be exercised with due regard to coexisting rights of its invitees. Our historic and fundamental right to use our property in any legal manner we so choose collides head on with our classic duty to refrain from creating a hazard with the potential to harm a member of the public. Does not Sonic owe some special duty to Ms. Cobb, inherent in its description as a "drive in," to provide a safe entrance and exit or at least not to create a hazardous one? Under these circumstances we hold that it does.

■ We now must decide whether this duty extends to travelers on the highway. The right of Sonic to erect a sign is undeniable, but Sonic has a duty to exercise that right with due regard to the right of the public to use the roadway. A property owner thus owes a duty to maintain his property in such a manner that when it is put to its normal business use, it does not create an unreasonable hazard to travelers upon the abutting roadway.[6] This has long been the law in Oklahoma as well as in

---

1. *Stuckey v. Young Exploration Co.,* 586 P.2d 726 (Okla.1978).

2. *Henry v. Hallett Construction Co.,* 488 P.2d 1286 (Okla.1971).

3. *Atherton v. Devine,* 602 P.2d 634 (Okla.1979); *Brodsky v. Atchison, Topeka & Santa Fe Railway Co.,* 368 P.2d 852 (Okla.1962). *See also Minor v. Zidell Trust,* 618 P.2d 392 (Okla.1980).

4. *Pruitt v. Timme,* 349 P.2d 4 (Okla.1960) recognizes a duty to invitees to provide a reasonably

safe means of ingress and egress. *See Also O'Reilly Motor Company v. Rich,* 3 Ariz.App. 21, 411 P.2d 194 (1966).

5. *Atlantic Richfield Co. v. State,* 659 P.2d 930 (Okla.1983).

6. *Sinclair Texas Pipeline Co. v. Ross,* 175 Okla. 435, 54 P.2d 204 (1936); *Haas v. Firestone Tire and Rubber Company,* 563 P.2d 620 (Okla.1976).

other jurisdictions[7] when that duty is applied to the use of property that permits obstructions or hazards actually to intrude on the roadway. However the test for liability should not be some mechanistic rationale based on actual physical contact with the premises hazard. If a landowner uses his property without regard to the traveling public, it is immaterial whether the injury is caused by physical contact or by another means such as here. *Salomone v. Boulanger*, 32 Conn.Sup. 115, 342 A.2d 61 (1975) is persuasive. It holds, "an occupier of land abutting a highway is under a duty not to do anything on that land that will increase the hazards normally encountered by travelers on the highway, even though there is not tangible invasion of the highway area as a result of the activity carried on by the abutting occupier".

■ One must use his own rights so as not to infringe upon rights of another.[8] How far this obligation extends depends on the foreseeability that a particular plaintiff might be injured by a defendant's conduct. Forseeability is not only involved in a determination of proximate cause, it is one of the yardsticks by which duty is measured. Even under the historic *Palsgraf*[9] limitation of liability, decedent was a foreseeable plaintiff to whom Sonic owed a duty to refrain from acts which would threaten his safety. If Sonic owes a duty to Ms. Cobb to refrain from creating a hazardous exit, then that duty extends to a motorist placed in jeopardy by any breach of that duty. It is foreseeable that any injury to Ms. Cobb

would also cause an injury to the traveler upon the highway with whom she collides. It would be patently unjust to require an innocent plaintiff in that situation to bear the burden of her loss because of a technicality relieving a defendant of liability for proven negligence.[10] If Sonic is negligent as to Ms. Cobb, it is negligent as to Decedent.

Sonic cites *Williams v. City of Bristow*, 350 P.2d 484 (Okla.1960) wherein the Supreme Court held the facts stated in an injured pedestrian's petition did not show a municipality failed to use ordinary care in erecting a Christmas tree that obscured a motorist's vision causing him to strike the pedestrian. This decision did not discuss the duties of landowners to the traveling public but rather concerned the liability of the municipality acting in a governmental capacity. It was premised on causation and is inapposite. The decisions in *Booth v. Warehouse Market*, 286 P.2d 721 (Okla. 1955) and *Safeway Stores v. Musfelt*, 349 P.2d 756 (Okla.1960) also dealt with causation, not duty. Other Oklahoma decisions are more analogous to this case. In *Apache Gas Co. v. Thompson*, 177 Okla. 594, 61 P.2d 567 (Okla.1936) a plaintiff fell in an excavation dug by the gas company abutting the sidewalk, but not on it. The Supreme Court held the fact the excavation did not extend into the sidewalk did not necessarily relieve the gas company of liability. Also parallel is the decision in *Brodsky v. Atchison, Topeka & Santa Fe Railway Company*, 368 P.2d 852 (Okla.1962)

---

7. *See Bolton v. Smythe*, 432 So.2d 129 (Fla.App. 1983) holding a plaintiff stated a cause of action for negligence when he alleged a sprinkler on defendant's property sprayed water on a motorcyclist's windshield causing him to have an accident; *Brown v. Nebraska Public Power District*, 209 Neb. 61, 306 N.W.2d 167 (1981) holding it was error to grant summary judgment in favor of a defendant whose smoke from burning leaves caused an accident; *Wolfe v. Des Moines Elevator Co.*, 126 Iowa 659, 98 N.W. 301 (1904) holding it was a question for the jury whether defendant was negligent in the manner of operating a gasoline engine with a noisy exhaust in close proximity to a roadway resulting in injury through frightening a team of horses; *Welch v. Amalgamated Sugar Company*, 154 F.Supp. 3

(S.D.Idaho 1957) denying a defendant's motion for summary judgment in an action for personal injuries sustained by plaintiff when the automobile which he was driving upon striking mud deposited on highway in front of defendant's premises went out of control and collided with an approaching truck.

8. *Young v. Darter*, 363 P.2d 829 (Okla.1961).

9. *Palsgraf v. Long Island Railway Co.*, 248 N.Y. 339, 162 N.E. 99 (1928) states the issue of duty in terms of foreseeability.

10. *See William L. Prosser*, Law of Torts (1971) Chs. 8, 9, 10; Restatement of Torts 2nd §§ 364, 368.

permitting liability of a railroad to a motorist who stopped suddenly when a switch engine emerged suddenly from behind an earthen embankment on railroad property resulting in his car being struck from behind.[11]

We limit our holding today to acts of "misfeasance." We do not tamper with the traditional rule that a landowner is under no affirmative duty to remedy view obstructions of purely natural origin upon his land.[12] We leave that distinction to another day.[13]

Accordingly, we hold the public's right of passage imposes an obligation upon the owners and occupiers of abutting commercial property to use reasonable care to refrain from creating a view obstruction which might cause forseeable harm to the users of the highway.[14] Under the facts and circumstances of this case, any liability of Sonic to Plaintiff is derivative from its potential liability to Ms. Cobb.[15] It is not within our realm to impose a universal duty of care upon an landowner to all the world, limited only by the foreseeability of injury. But there is no reason in modern day life to insulate a landowner, under the circumstances of this case, from entirely forseeable consequences.[16]

The Sonic sign was either the proximate cause of the injuries or it was not. A jury must decide.

The trial court's order sustaining defendant's motion for summary judgment is REVERSED and the case REMANDED for further proceedings not inconsistent with the views expressed herein.

REVERSED AND REMANDED.

REYNOLDS, J., concurs.

HUNTER, J., dissents and files opinion in dissent.

HUNTER, Judge, dissenting:

I must respectfully dissent to the majority opinion. I restate some of the facts for clarity. After oral argument of counsel, the case was withdrawn from the Accelerated Docket and placed on the regular docket of this Court. The parties were requested to brief two additional issues for the court, those being: the duty of a landowner to travelers on an adjoining public highway, and whether this court could affirm the trial court's granting of summary judgment if the result was correct, even if the reasons given were not correct. Both parties have submitted briefs on these issues.

Both parties agree that this court may affirm the judgment of the trial court if the result reached was correct. 12 O.S.1981 § 78; *Estate of Bartlett,* 680 P.2d 369 (Okl. 1984); *Atlantic Richfield Company v. State ex rel. Wildlife Conservation Commission,* 659 P.2d 930, 934 (Okl.1983); *Littlefield v. Howery,* 266 P.2d 957 (Okl.1954); *Ringer v. Byrne,* 183 Okl. 46, 80 P.2d 212 (1938). I would affirm because the result is correct.

The accident occurred when Ms. Cobb was exiting the Sonic Drive-In Restaurant

---

**11.** *Also see Concho Construction Co. v. Oklahoma Natural Gas Co.,* 201 F.2d 673 (10th Cir. 1953) and cases cited in note 6 supra.

**12.** *See Wisher v. Fowler,* 7 Cal.App.3d 225, 86 Cal.Rptr 582 (1970) holding a complaint alleging defendants negligently created or allowed a hedge to be maintained which blocked the view from the driveway of a commercial premises impaired the vision of motorists on the highway and persons exiting the premises, stated a cause of action; *Deschamps v. Hertz Corp.,* 429 So.2d 75 (Fla.App.1983) concerning a complaint against motel owners alleging unnatural shrubbery obstructing guest's view as he attempted to exit caused the guest to collide with another motorist. *See Also Bohm v. Racette,* 118 Kan.

670, 236 P. 811, 42 ALR 571 (1925); *Coburn v. City of Tucson,* 143 Ariz. 50, 691 P.2d 1078 (1984).

**13.** *See Wolfe v. Des Moines Elevator Co.,* 126 Iowa 659, 98 N.W. 301 (1904).

**14.** *See Harvey v. Hansen,* 299 Pa.Super. 474, 445 A.2d 1228 (1982).

**15.** Derivative liability is imposed to redress a wrong to one person which is proximately caused by a wrong done to another. *Garfield v. U.S.,* 297 F.Supp. 891 (D.C.Wis.1969).

**16.** *Gibson v. Avis Rent-A-Car System, Inc.,* 386 So.2d 520 (Fla.1980).

on N.E. 23rd St. in Choctaw, Oklahoma. Ms. Cobb testified that she did not see the motorcycle driven by the decedent, coming from the east, when she pulled into the street. A collision resulted and Boudreaux was thrown from his motorcycle, suffered a head injury and subsequently died.

After filing this action, Appellant settled with Ms. Cobb, the driver of the car. Appellant alleged that Sonic was negligent in placing a large sign so close to the highway that it obstructed the view of traffic. She further alleged this negligence caused the death of decedent.

Sonic moved for summary judgment arguing that statements in Ms. Cobb's deposition clearly indicated the sign was not the cause of the accident because Ms. Cobb testified that it did not block her view once she leaned forward in her car. On cross-examination however, Ms. Cobb could not unequivocally state her vision was unobstructed. Appellant's response to the motion for summary judgment included the affidavit of a Choctaw police officer who took photographs of the scene, including the Sonic sign, and who stated that a police car parked two hundred feet to the east could not be seen by a car exiting the Sonic Drive-In without pulling into the roadway because the base of the Sonic sign obstructs drivers' vision.

The trial court's order granting summary judgment gave no reason. The Appellee's motion for summary judgment was based on their contention that Ms. Cobb's vision was not blocked by their sign and therefore the sign could not have been a cause of the accident. I do not believe the question of whether the sign blocked Ms. Cobb's view of traffic is material and assume, for the purposes of this opinion that her view was blocked.

My colleagues acknowledge that a landowner has the right to construct anything he chooses on his land, even in close proximity to a public roadway and the right of Sonic to erect a sign is undeniable. They then say that right must be exercised with

due regard to coexisting rights of travelers to use the roadway and that Sonic has a duty to exercise their right with due regard to the right of the public to use the roadway. With this general statement of law I, of course, agree. However, there is no evidence that Sonic's sign interfered with the right of travelers on the roadway. The sign was not hanging over the roadway or infringing on the roadway in any manner. It was constructed totally on Sonic's property.

The majority relies on two Oklahoma cases for their statement that Sonic had a duty to maintain its property in such a manner that when it is put to its normal business use it does not create an unreasonable hazard to travelers upon the abutting roadway. Both of the cases cited are clearly distinguishable from the facts in this case. In *Haas v. Firestone Tire and Rubber Company*, 563 P.2d 620 (Okla. 1976) there was a trackage of mud from the landowner's property *on to the adjoining roadway* and the court held that the landowner had a duty to either remove the mud or warn the public if it created a hazard to driving. In *Sinclair Texas Pipeline Co. v. Ross*, 175 Okla. 435, 54 P.2d 204 (1936) the landowner had dug a "bell hole" six feet from the edge of the roadway into which the plaintiff fell and was injured. The court held that the "bell hole" was a dangerous hazard to travelers on the roadway and *the landowner had a duty to warn* of its existence. In this case, no contact was made with the Sonic sign and it was open and obvious to anyone traveling on the roadway as well as to those customers exiting the Drive-In.

The majority cites *Young v. Darter*, 363 P.2d 829 (Okl.1961) for the proposition that one must use his own rights so as not to infringe upon the rights of another. *Young* was a case where the defendant lawfully used weed killer on his own land but was responsible when it *escaped* and damaged his neighbor's cotton crop. This is of course, the *Rylands v. Fletcher*[1] doctrine and has no application here. The

---

**1.** *Fletcher v. Rylands,* (Eng.) LR 3 HL 330.

Sonic sign did not escape. I find no law that gives the traveling public a *right* which the Sonic sign infringes upon. The majority then states that how far the obligation to use one's own rights so as not to infringe upon rights of another depends on the foreseeability that a particular plaintiff might be injured by a defendant's conduct and cites *Welch v. Amalgamated Sugar Company*, 154 F.Supp 3 (S.D.Idaho 1957) and states that even under *Palsgraf* [2] Sonic owed a duty to decedent as a foreseeable plaintiff, to refrain from acts which would threaten his safety. I cannot agree that erecting a sign entirely on the landowner's own property, would threaten the safety of the public traveling on the adjacent roadway unless the sign was defectively constructed so that it might fall on the roadway or in some manner hung over the roadway so as to block its use.

The majority states that it is axiomatic and that Sonic owes a duty of care toward Ms. Cobb as its customer and invitee and cites *Pruitt v. Timme*, 349 P.2d 4 (Okl. 1960). In *Pruitt* the Supreme Court recognized the general duty toward invitees to provide reasonably safe means of ingress and egress. However, the Court went on to state:

> The facts of each particular case are, of course, controlling upon the question of negligence in respect of a dangerous condition upon the premises, and ordinarily the question whether an owner or occupant has been negligent in this respect toward a person whom he has invited upon the premises is to be decided by the jury. 38 Am.Jur., Negligence, § 102 and 356. In such cases, as in other cases, however, if there is no dispute as to the facts and only one conclusion can be drawn from the evidence, the court can decide the question as a matter of law.

The Court then affirmed the trial court's directing a verdict for the defendant on the basis that the plaintiff failed to establish primary or actionable negligence on the part of the defendant, pointing out that the defendant was not liable to a guest who, knowing that a stairway is unlighted, attempts to use it, and falls and is injured by reason of the lack of lighting.

In all of the cases cited by the majority for the proposition that one must use his property so as not to infringe upon the rights of another or so as not to create a hazard to the traveling public on an adjoining roadway, there was an actual intrusion onto the highway or the injured party was injured by actual contact with a real hazard on the landowner's property.

The majority opinion creates a "special duty" to Ms. Cobb, heretofore unknown in the law, on the basis that such a duty is "inherent" in its description as a "drive in". They then assume that this new judicially created duty was breached (they call it "proven negligence") and expand that purported breach to include the breach of some duty to travelers on the public roadway and to the decedent in particular on the basis that he was a foreseeable plaintiff. I cannot agree with this line of reasoning.

The duty owed by a landowner to an invitee is to keep the premises reasonably safe for their use and to warm the invitee of any hidden dangers, traps, snares, or pitfalls that are not known or observed by invitees. *Safeway Stores, Inc. v. Sanders*, 372 P.2d 1021 (Okl.1962). The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care. *C.R. Anthony Company v. Million*, 435 P.2d 116 (Okl.1967); *Nicholson v. Tacker*, 512 P.2d 156 (Okl.1973). The evidence is uncontroverted that the sign is open and obvious. Further, Ms. Cobb testified that she was well aware that the sign blocked her vision as she was leaving the Drive-In as she had previously had a prob-

**2.** *Palsgraf v. Long Island Railway Co.*, 248 N.Y. 339, 162 N.E. 99 (1928).

lem pulling out of the drive and had quite a few near misses. It is clear that if the sign created a hazard to Ms. Cobb, it was open and obvious and she was well aware of it and there was then no duty on the part of Sonic to warn her. There being no duty to Ms. Cobb there could be no breach of a duty and therefore no resultant breach to Appellant's decedent.

The majority cites *Atherton v. Devine*, 602 P.2d 634 (Okl.1979) for their statement that whether Sonic could have reasonably foreseen or anticipated injurious consequences from the *hazardous* placement of its sign is a jury question. This statement first assumes that the sign placement was *hazardous*, an assumption with which I cannot agree. A careful reading of *Atherton* will reveal that the Oklahoma Supreme Court applied the foreseeability rule to determine whether an *original tortfeasor*, causing personal injury to one because of his negligence, may be liable to that person for an intervening force which could reasonably have been foreseen or which is a normal incident of the risk created. The Court specifically stated:

> The question in this case does not involve proximate cause for the purpose of determining culpability, as in the parked car cases, but rather to determine the extent of the injuries for which the appellee should be held liable.

The Court then pointed out in footnote 3 that the Court has held in numerous cases that an illegally parked vehicle is merely a condition, and not the cause of plaintiff's injuries and said:

> "However, the parked car cases involve a defendant whose conduct operating alone would not have resulted in harm to anyone except for the negligence of another party. The conduct of the defendant in the parked car cases did not amount to a completed tort since the parking of the car in itself did not result in injury. These cases are clearly distinguishable from the facts in this case because the conduct has already resulted in an injury and a completed tort exists."

Applying this rationale, which I believe to still be the law in Oklahoma, to the present case, the Sonic sign was much like a parked vehicle, except that the sign was "legally parked". The conduct of Sonic, operating alone, would not have resulted in harm to anyone except for the negligence of Ms. Cobb. Because the Sonic sign was legally placed Sonic stands in an even better position than the owner of an illegally parked car. In any event, the sign was a mere condition and under no stretch of the imagination could it be a proximate cause of the accident.

Additionally, Sonic had neither the right nor the obligation to control the operation of Ms. Cobb's vehicle as she was exiting the property. Not having control or the right to control the movements of Ms. Cobb's vehicle, Sonic should not be liable to Appellant's decedent who collided with Ms. Cobb's vehicle as it pulled onto the roadway. *Le Barre v. Pacific Paper Materials Co., Inc.*, 175 Or. 614, 154 P.2d 985 (1945).

As long ago as 1960, in *Williams v. City of Bristow*, 350 P.2d 484 (Okl.1960), the Oklahoma Supreme Court quoted with approval from 25 Am.Jur., Section 500, Highways, p. 784, where it is stated:

> "A mere obstruction of the view of a traveler by some object, substance, or condition has been held not to constitute a defect in the way within the operation of the rules and provisions imposing liability for injuries caused by defects."

In *Williams*, the City of Bristow had erected a Christmas tree in the center of the intersection of two streets. Plaintiff was struck by a motorist turning around the tree, while plaintiff was in the crosswalk. Plaintiff alleged that the city was negligent erecting and maintaining the tree in such a manner that his vision was blocked and that negligence, combined with that of the motorist, was a proximate cause of plaintiff's injuries. The trial court sustained a demurrer to plaintiff's second amended petition and rendered judgment for defendant. In affirming, the Supreme Court pointed out that under the facts alleged in the petition the proximate cause of plain-

tiff's injury was the reckless driving of the motorist and not the Christmas tree which obscured the vision of the intersection. The same is true in this case.

Two other Oklahoma cases are so closely analogous that they should be dispositive. They are *Booth v. Warehouse Market*, 286 P.2d 721 (Okl.1955) and *Safeway Stores v. Musfelt*, 349 P.2d 756 (Okl.1960). In *Booth* the Supreme Court held that where plaintiff was struck by an automobile traveling the wrong way in a one-way lane of traffic in defendant's parking lot, the defendant's negligence, if any, in maintaining the parking lot, merely furnished a condition by which the injury was possible and the existence of such condition was not a proximate cause of the injury, which was caused by a subsequent independent act. In *Safeway Stores v. Musfelt, supra,* the court held that where a retail grocery store had a customers' parking space, or spaces, on one side of its building adjacent to the street and abutting the sidewalk, where persons who visited the store could without charge or directions from the owner of the store park their automobiles, and such customers drove across the sidewalk into the parking spaces, or lot, and in leaving backed their cars out over the sidewalk into the street, such store owner was required to use only ordinary care in the maintenance and operation of the property to prevent injury to users of the sidewalk and was not an insurer of the safe condition of the premises, or required to provide against the acts of third persons. The court further held that the store owner was not responsible for the negligence of a third party who negligently backed his car out of the parking space across the sidewalk and struck plaintiff, and moreover, negligence of the third party was not imputable to the store owner.

The rule promulgated by the majority today does violence to well established and constitutionally protected property rights and is, in effect, an exercise of the police power of the state, a power reserved to the legislature. The decision to deprive a property owner of the full, unfettered lawful use of his property for the public good, is a policy decision and an exercise of legisla-

tive powers which this court does not possess. The right to use property for lawful business purposes and the right of residential use are rights inherent in ownership of property and each is entitled to legal protection equal to that afforded the other. *Davis v. Deariso*, 210 Ga. 717, 82 S.E.2d 509 (1954). The right to use one's property for a lawful business purpose is inherent in ownership thereof and protected by law, in the absence of valid zoning regulations or restrictive covenants to the contrary. *Sikes v. Pierce*, 212 Ga. 567, 94 S.E.2d 427 (1956). Property rights and the use of property are fundamental rights on which this country was established. *Nucholls v. Board of Adjustment of Tulsa*, 560 P.2d 556 at 559 (Okl.1977). The police power of the state is the sole justification for limiting a property owner's traditional right to use his private property as he desires. *Pioneer Trust and Sav. Bank v. McHenry County*, 41 Ill.2d 77, 241 N.E.2d 454 (1968).

In *Coburn v. City of Tucson*, 143 Ariz. 50, 691 P.2d 1078 (1984), the Arizona Supreme Court affirmed the granting of a motion for summary judgment in favor of the city in a wrongful death action wherein it was alleged that the city had been negligent in failing to remove a large bush at the corner of the intersection where the accident occurred. The court quoted with approval from *Rogers v. Ray*, 10 Ariz.App. 119, 457 P.2d 281 (1969) which held that:

> * * * there is no duty upon the possessor or owner of land abutting public highways to refrain from using his land so as to obstruct a view across his property for those using the public highways.

The Court acknowledged, as this writer must, that such a duty may be imposed by statute or ordinance, but no such duty exists at common law and there is no statute or ordinance involved here.

Appellant's reliance on 69 O.S. 1981 § 1275(c)(2) is misplaced. This statute relates to placing signs within 660 feet of interstate and federal-aid primary highways and Section 1274 specifically excludes "On premise activities signs" from the op-

eration of the act. "On premise activities signs" are defined as "signs advertising activities conducted upon the property on which the signs are located". Neither is there merit to Appellant's contention that the sign constitutes a nuisance under 50 O.S.1981 § 1. That statute prefaces the definition of a nuisance as consisting of *"unlawfully* doing an act, or omitting to perform a duty, * * * " (Emphasis added.) Here there was no unlawful act performed nor was there any duty omitted.

The majority says a genuine question for the jury exists as to whether Ms. Cobb's view was obstructed by Sonic's sign. I disagree for the reason that whether her vision was obstructed is not material. After agreeing that a trial court will be affirmed if its judgment reaches a legally correct result, the majority then chooses not to address the issue of causation versus condition. I believe the issue of causation, under the facts in the record, is dispositive and that Summary Judgment was proper.

For all these reasons, I must Dissent.