**STATE of Missouri at the relation of Wilma N. SMITH, Relator,**

v.

**Honorable Noah WEINSTEIN, Judge of the Circuit Court of St. Louis County, Respondent.**

No. 32051.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1965.

James & Morris, Richard C. Wuestling, III, St. Louis, for relator.

Marshall, Craig & Littmann, St. Louis, Carter, Fitzsimmons & Brinker, Clayton, Deeba, DeStefano, Sauter & Herd, St. Louis, for respondent.

ANDERSON, Judge.

This is a proceeding in prohibition, the object of which is to prevent the Judge of Division No. 3 of the Circuit Court of St. Louis County from proceeding against Relator in Cause No. 257018 in said Court, and forcing her to defend the actions stated therein against her, because other parties are improperly joined as defendants in a separate count of the petition. The grounds for the relief sought in this prohibition proceeding is that there is not asserted against Relator and the other named defendants, jointly, severally, or in the alternative any right to relief arising out of the same transaction, occurrences or series of transactions and occurrences, in which common questions of law or fact will arise. Relator relies upon Civil Rule 52.05 as forbidding such joinder. In the trial court Wilma N. Smith, Relator herein, filed a motion in which Relator in the alternative prayed for a dismissal of the action or for an order for separate trials of the separate counts of the petition. This motion was by the court overruled. The petition for prohibition was then presented to this court. Our preliminary writ was thereafter issued to which Respondent in due time made return. Relator then filed a motion for judgment on the pleadings.

The facts upon which our determination of the matter before us rests are to be found in the petition attached to the application addressed to our court.

The petition was in two counts. Count I was directed solely against Relator Wilma N. Smith. In substance it was alleged that on October 31, 1963, plaintiff Albert E. Krassinger was operating his motor vehicle northwardly on U. S. Highway 61–67 near Baumgartner Road when it collided with an automobile being operated southwardly on said highway by defendant Wilma N. Smith; that as a result of said collision plaintiff was seriously injured; that the collision was due to the negligence of Wilma N. Smith.

It was further alleged that by reason of his injuries, plaintiff was in need of medical attention and emergency transportation to a hospital, and for that purpose obtained the services of Leroy Beck d/b/a Beck Ambulance Service and James Cook, the driver of an ambulance belonging to Leroy Beck; that as a result of the negligence of defendant Wilma N. Smith and the concurrent negligence of defendants Leroy Beck d/b/a Beck Ambulance Service, James Cook, the driver of the ambulance which was conveying plaintiff to the hospital and Wellmon J. Cossey, plaintiff was caused to suffer additional injuries, and an aggravation of the injuries received in the previous accident, when the ambulance collided with an automobile being operated by defendant Wellmon Cossey.

It was further alleged that the negligence of defendant Wilma N. Smith, which caused the collision between her car and the one driven by plaintiff, was (1) excessive speed, (2) failure to keep a proper lookout, (3) failure to slacken the speed or stop her automobile so as to avoid the collision, and (4) violation of the humanitarian doctrine; that as a result of the aforesaid negligence plaintiff was thrown about inside his car striking parts thereof, and thrown to the pavement of the highway; that he was subsequently thrown about within the ambulance within which he was a passenger striking various parts thereof, all seriously injuring him.

The petition then specifies various parts of the body as having been injured, which injuries were alleged to be the proximate result of the collision and said defendant's negligence. It was also alleged that said injuries are serious, painful, permanent and progressive; that they required hospitalization and medical treatment by physicians and will in the future require such treatment; that by reason thereof, plaintiff was caused to suffer great pain of body and anxiety of mind which will continue in the future; and that the functions of the portions of his body injured have been seriously and permanently impaired.

The prayer of Count I was for judgment against defendant Wilma N. Smith in the sum of $75,000.00.

Count II of the petition was directed against defendants Leroy Beck, James Cook, Wellmon Cossey and Wilma N. Smith. It alleged that on October 31, 1963, plaintiff was a passenger in the ambulance which was being operated northwardly on Brentwood Boulevard by defendants, Leroy Beck d/b/a Beck Ambulance Service and James Cook, when said ambulance collided with an automobile being operated westwardly on Clayton Road by defendant Wellmon J. Cossey, which collision caused plaintiff to be violently thrown about within said ambulance with the result that plaintiff was seriously and permanently injured; that said collision was caused by the negligence of defendants, Leroy Beck, James Cook and Wellmon J. Cossey. The negligence charged was, (1) excessive speed under the circumstances then and there existing, (2) negligent failure to swerve, (3) negligent failure to give or sound a warning of the approach, proximity and movement of their respective vehicles. Defendants, Leroy Beck and James Cook were separately charged with (1) failure to keep a careful and vigilant watch or lookout for vehicles traveling on Clayton Road, particularly the

car operated by defendant Cossey, (2) negligent failure to yield the right of way to the motor vehicle being driven by defendant Cossey, when the latter was approaching the intersection so closely as to constitute an immediate hazard of collision, (3) negligent failure to stop in response to an electric traffic signal which exhibited a red light, and proceeding into the intersection when it was not safe so to do.

It was further alleged that as a direct and proximate result of the negligence of defendant Wilma N. Smith as set out in Count I of the petition, and the injuries resulting therefrom as set out in Count I, plaintiff was placed in need of medical attention and emergency transportation to a hospital, and for that purpose secured the services of defendants Leroy Beck d/b/a Beck Ambulance Service, and James Cook; and that as a result of the negligence of defendants Leroy Beck, James Cook and Wellmon Cossey, and the concurring negligence of defendant Wilma N. Smith, plaintiff was thrown about in said ambulance which resulted in serious and permanent injuries.

The allegations with respect to the parts of the body injured are the same as those contained in Count I. Following said allegation in Count II it is averred "that all of the foregoing injuries were thereby caused, accelerated and activated." The prayer of Count II is for judgment for $75,000.00 against defendants Leroy Beck, James Cook, Wellmon J. Cossey and Wilma N. Smith.

That part of Civil Rule 52.05 applicable in this proceeding reads as follows:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given * * * against one or more defendants according to their respective liabilities."

In Count II of the petition, plaintiff seeks recovery for injuries alleged to have been received in the second collision including aggravation of the injuries received in the previous accident.

Relator contends there was a misjoinder under the rule because the two alleged causes of action did not arise out of the same transaction or occurrences or series of transactions or occurrences, but involve separate collisions occurring at different places, at different times and involving different automobiles; that the two separate accidents are without any relationship, connection or interdependence and consequently there could not arise in the action any common issues of law or fact. It is Relator's position that the second accident constituted an intervening force, and for that reason Relator cannot be a joint tort-feasor along with William Cossey, Leroy Beck and James Cook.

Respondent's position is that the injuries received by plaintiff in the second accident were the natural result flowing from the original tort for which defendant Wilma N. Smith may be held liable with the other defendants who were immediately involved in the second accident; that there was, therefore, alleged an occurrence from which arose a right to relief by plaintiff against all the defendants in which common questions of law and fact will arise.

In our view the deciding factor in the case at bar is whether or not under the facts alleged, defendant Wilma N. Smith can be held liable to plaintiff for the injuries received in the second accident or for the aggravation of the injuries sustained in the first accident. If so her joinder with others as defendants was proper.

A person who has received an injury due to the negligence of another is entitled to recover all damages proximately traceable to the primary negligence, including subsequent aggravation which the law regards as a sequence and natural result likely to flow from the original injury, even though there may have been some intervening agency contributing to the result. 15 Am.Jur., Damages, Sec. 83. Thus it has been held that the original wrongdoer who negligently causes injury to another may be held liable to the latter for the negligence of a physician· who treats such person where such negligent treatment results in the aggravation of such injuries. Elliott v. Kansas City, 174 Mo. 554, 74 S.W. 617. The reason for the rule is that the employment of a physician is to be regarded as a natural consequence of the original wrong, because the necessity for such employment was imposed on the injured party by the fault of the original wrongdoer. It is also stated that such liability is founded in sound reasons of public policy. Restatement, Torts, p. 1215, Sec. 457 Com. (b); Elliott v. Kansas City, supra.

But can the above principle be applied to the case at bar? In the use of the ambulance, plaintiff was seeking medical attention. Such use was under the allegations of the petition necessitated by wrong inflicted upon her by defendant Wilma N. Smith. Any negligence connected with the treatment of the injury necessitated by the act of the original wrongdoer should be regarded as the proximate result of the original wrong, whether it be due to the physician's negligence or the negligence of an ambulance driver conveying the injured party to the hospital for treatment. Such conveyance is a necessary incident or step in securing the services of a physician and medical treatment. Therefore the rule holding the original tort-feasor liable for the negligence of a physician who treats the injured party should be extended to injuries sustained by one injured while being conveyed to a place where medical service can be obtained. This is the view expressed in Lucas v. City of Juneau, 127 F.Supp. 730, 15 Alaska 413, a case very similar to the one at bar. There the question presented was whether the original tort-feasor and the owner of an ambulance whose driver's negligence caused a collision while conveying the plaintiff to a hospital, which accident aggravated the previous injuries, could be joined as defendants under Rule 20(a), Fed.Rules Civ.Proc., which rule is identical in its terms with our Civil Rule 52.05. The court held that the original tort-feasor was liable for the aggravation of the injuries received in the second accident, and it·and the owner of the ambulance were properly joined as defendants, since there was a single occurrence giving rise to a right to relief, which presented questions of fact common to both. The court in that case said, "(t)he use of an ambulance, therefore, like the use of a surgeon's scalpel, is necessitated by the defendant's wrong. And either may be used negligently." The court also said " * * * the first tort-feasor is in no position to avoid liability for an aggravation sustained by plaintiff in taking one of the steps necessary to obtain further treatment." We believe the opinion sound. Joining Mr. Cossey as a defendant was also proper.

In our view our preliminary writ in this case was improvidently issued, and for that reason said writ is quashed.

WOLFE, P. J., and DOUGLAS W. GREENE, Special Judge, concur.