Delayne A. ATHERTON, Appellant,

v.

Dan Joseph DEVINE, Appellee.

No. 53445.

Supreme Court of Oklahoma.

Sept. 18, 1979.

Rehearing Denied Nov. 26, 1979.

Bloodworth, Smith & Biscone by Robert B. Smith, Oklahoma City, for appellant.

Proctor, Fleming & Speck by Kent Fleming, Oklahoma City, for appellee.

HODGES, Justice.

The certified order which affects a substantial part of the merits of this controversy is the holding of the district court that, as a matter of law, the appellee, Dan Joseph Devine, who was involved in the original accident, cannot be held liable for subsequent injuries sustained by the appellant, Dalayne A. Atherton, while he was a passenger in an ambulance transporting him to the hospital from the scene of the initial accident. Because it is a case of first impression, and interlocutory appeal will materially advance the ultimate determination of this action, we grant certiorari.

Immediately following the automobile accident involving the parties, an ambulance was summoned to take the appellant to the hospital for treatment of injuries he had received as the result of the collision. The ambulance was involved in a second collision resulting in the appellant sustaining additional personal injuries.

I

The question presented is whether an original tortfeasor, causing personal injury to one because of his negligence, may be liable to that person for injuries received in a second accident while being transported in an ambulance from the situs of the first accident. It is asserted by appellant that the appellee should be held responsible for the subsequent injuries because, absent the conduct of the appellee in the first accident, the appellant would not have been placed in the position, i. e., an ambulance ride to the hospital which resulted in his additional injuries.

The general rule is that an intervening force which could reasonably have been foreseen or which is a normal incident

of the risk created will not suffice to relieve an original tortfeasor of liability.[1] A person who has received an injury due to the negligence of another is entitled to recover all damages proximately traceable to the primary negligence including subsequent aggravation which the law regards as a sequence and natural result likely to flow from the original injury even though there may have been some intervening cause contributing to the result. Where there is an intervening responsible agency which directly produces an injury the question whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, is to be determined by ascertaining whether the agency which intervened was of such character and the circumstances under which it occurred were such that it might have been reasonably expected that an injury similar to the one caused might actually happen. If, under the circumstances, the intervention of such an agency in the manner in which it occurred might reasonably have been expected to happen, then the chain of causation extending from the original wrongful act to the injury is not broken by the independent intervening agency, and the original wrongful act is treated as the proximate cause thereof.[2] Foreseeability is an essential element of proximate cause in Oklahoma, and it is the standard by which proximate cause, as distinguished from the existence of a mere condition, is to be test-ed. This Court has considered the dichotomy of the condition precedent and proximate cause several times involving illegally parked vehicles.[3] The question in this case does not involve proximate cause for the purpose of determining culpability, as in the parked car cases, but rather to determine the extent of the injuries for which the appellee should be held liable.

▆ It has uniformly been recognized that a tortfeasor whose negligence has caused injury to another is also liable for any subsequent injury or reinjury that is the proximate result of the original injury, except where the subsequent injury or reinjury was caused by either the negligence of the injured person, or by an independent or intervening act of the injured person, or by an independent or intervening act of a third person. The courts have taken the position that the first injury or act of negligence need not be the sole cause of the subsequent injury, but is sufficient if it was a substantial factor in causing the latter injury.[4] It has long been the rule in Oklahoma that an original wrongdoer, negligently causing injury to another is liable for the negligence of a physician who treats the injured person where the negligent treatment results in the aggravation of injuries, so long as the injured person exercises good faith in the choice of his physician.[5] The reason for the rule is that the employment of a physician is regarded as a natural consequence of the original wrong, because the necessity for

1. The general rule of law relative to additional harm resulting from efforts to mitigate harm caused by negligence is found in the Second Restatement of Torts, Ch. 16, § 457, p. 496. It provides:

"If a negligent actor is liable for another's bodily injury, he is also subject to liability for an additional bodily harm resulting from normal efforts of third persons in rendering aid which the other injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner."

2. *Oklahoma Natural Gas Co. v. Courtney*, 182 Okl. 582, 79 P.2d 235 (1938).

3. See *Thur v. Dunkley*, 474 P.2d 403 (Okl.1970); *Woodward v. Kinchen*, 446 P.2d 375 (Okl. 1968); and *Pepsi Cola Bottling Co. v. Von Brady*, 386 P.2d 993 (Okl.1964). The Court held in all these cases that an illegally parked vehicle is merely a condition, and not the cause of plaintiff's injuries. However, the parked car cases involve a defendant whose conduct operating alone would not have resulted in harm to anyone except for the negligence of another party. The conduct of the defendant in the parked car cases did not amount to a completed tort since the parking of the car in itself did not result in injury. These cases are clearly distinguishable from the facts in this case because the conduct has already resulted in an injury and a completed tort exists.

4. Annot., Proximate Cause Liability of Tortfeasor for Injured Person's Subsequent Injury or Reinjury, 31 A.L.R.3d 1000 (1970).

5. *Smith v. Missouri, K. & T. Ry. Co.*, 76 Okl. 303, 185 P. 70 (1919).

such employment is imposed on the injured party by the fault of the original tortfeasor. This liability is founded on sound reasons of public policy.[6]

As a matter of principle, there would seem to be no material distinction between medical treatment required because of the tortious act, and transportation required to reach an institution where medical treatment is available. The use of an ambulance, like the use of a surgeon's scalpel, is necessitated by the tortfeasor's wrong, and either may be used negligently. Although this is a novel question in Oklahoma, it was determined under similar fact situations in *State v. Weinstein*, 398 S.W.2d 41, 44 (Mo. App.1965) and in *Pridham v. Cash & Carry Building Center, Inc.*, 116 N.H. 292, 359 A.2d 193, 198 (1976) that any negligence connected with the treatment of an injury necessitated by the act of the original wrongdoer should be regarded as the proximate result of the original wrong, whether it would be due to the physician's negligence or the negligence of an ambulance driver conveying the injured party to the hospital for treatment. In *Weinstein*, the rule holding the original tortfeasor liable for the negligence of a physician who treats the injured party was extended to injuries sustained by one injured while being conveyed to a place where medical service could be obtained.

 We, therefore hold that the reasonable foreseeability rule requires that the original tortfeasor be held liable for subsequent injuries which were involved as the result of the second accident. Liability is imposed against the original tortfeasor for efforts of third persons in rendering aid which resulted in additional injury to the victim. The risk which must be borne by an original tortfeasor includes not only medical treatment, but also transportation to a place where treatment may be obtained. The first tortfeasor is in no position to avoid liability for an aggravation sustained by the injured in taking one of the steps necessary to obtain further treatment.[7]

## II

 Causation traditionally lies within the realm of fact, not law.[8] In an action for injuries caused by the defendant's negligence, it is a jury question whether the injurious consequences resulting from the negligence could have reasonably been foreseen or anticipated.[9] Likewise, where the evidence is conflicting or where reasonable men might draw different conclusions, the question of reasonable foreseeability of an intervening act or agency causing subsequent injury is to be determined by the jury.[10] Foreseeableness becomes a question of law for the court only when one reasonable conclusion can be drawn from the facts.[11]

REVERSED.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and OPALA, J., concur in result.

---

**6.** *Elliott v. Kansas City*, 174 Mo. 554, 74 S.W. 617 (1903).

**7.** Annot., "Civil Liability of One Causing Personal Injury for Consequence of Negligence, Mistake, or Lack of Skill of Physician or Surgeon Present," 100 A.L.R.2d 808 (1955).

**8.** *Pryor v. Lee C. Moore Corp.*, 262 F.2d 673 (10th Cir. 1959), *cert. denied* 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254 (1959).

**9.** *Smith v. Davis*, 430 P.2d 799 (Okl.1967).

**10.** See *England v. Kilcrease*, 456 P.2d 521 (Okl. 1969); *Continental Oil Co. v. Ryan*, 392 P.2d 492 (Okl.1963).

**11.** See *Sturm v. Green*, 398 P.2d 799 (Okl. 1965). See also Restatement of Torts, Ch. 16 § 453, p. 1208 (1934).