Norvelle GAINES and Ruby Gaines, in-
dividually and next friend of Marvin
Gaines, a minor, Appellants,

v.

PROVIDENCE APARTMENTS, Metro
Properties, Inc., Impact Associates,
Inc., and Saville Management, Ltd., Ap-
pellees.

No. 65168.

Supreme Court of Oklahoma.

Dec. 16, 1987.

As Corrected Dec. 21, 1987.

Rehearing Denied March 1, 1988.

Rex K. Travis, Oklahoma City, for appel-
lants.

Micheal L. Darrah, Huckaby, Fleming,
Frailey, Chaffin & Darrah, David D. Wil-
son and Angela D. Ailles, Oklahoma City,
for appellees.

ALMA WILSON, Justice.

This appeal is taken from a summary judgment entered by the trial court in a negligence action. On assignment to the Court of Appeals that court reversed the summary judgment of the trial court and remanded the case for trial. Thereafter, this Court granted petition for certiorari to review the opinion of the Court of Appeals. We now reverse and vacate the opinion of the Court of Appeals and affirm the summary judgment of the trial court.

The material facts in this case are undisputed. On April 11, 1984, fourteen-year-old Marvin Gaines broke his neck while attempting to execute a bicycle "wheelie"[1] over a self-made ramp at Appellees' apartment complex. The teenager and his parents had been visiting friends in Appellees' apartment complex on the occasion of this terrible misfortune. When Marvin arrived at the apartment complex he observed several other teenagers jumping their bicycles over a ramp in the apartment parking lot. Though Marvin's mother and father had specifically warned their son not to use his bicycle for jumping, Marvin and his friends scavenged for materials in or around trash receptacles at the apartment complex to make a second ramp over which to jump their bicycles. The teenagers devised a loosely concocted ramp from a broken cement building block, a brick, and boards which they tore from a discarded dresser. Each time Marvin used the ramp to become airborne, the ramp fell apart and had to be rebuilt. Marvin jumped his bicycle on this ramp at least two times before performing the jump which severely injured him. Just prior to his injury, Marvin rebuilt the ramp. Marvin's good friend, Melvin, advised Marvin not to attempt the jump; but another teenager jumping bicycles with Marvin, dared Marvin to jump his bicycle over the ramp which he had constructed. While performing the jump which caused his injury, Marvin pulled back on the handle bars of his bicycle and fell over backwards, landing on his head and neck. Marvin's parents brought this suit against the apart-

ment complex, and its owners and managers, alleging that this accident occurred as a result of the negligence of said apartment complex, and its owners and managers. The trial court disagreed, as a matter of law, and granted summary judgment in favor of Appellees. The Court of Appeals reversed on the basis of 41 O.S.1981 §§ 101 et seq., the Oklahoma Residential Landlord and Tenant Act. We find we must reverse and vacate the opinion of the Court of Appeals (1) because third party claims outside the landlord and tenant contractual relationship cannot be brought within the scope of the Oklahoma Residential Landlord and Tenant Act; and (2) because the undisputed facts of this case show the scavenged materials used by the teenagers to concoct the ramp in question constitute nothing more than the existence of a condition and not the proximate cause of the injury.

I

██ The undisputed facts establish that neither Marvin Gaines, nor his parents, have ever been tenants in the Appellees' apartment complex. Appellants (plaintiffs below) are thus strangers to the rental agreement of the landlord and tenants of the subject apartment complex. At § 103 (A) of the Oklahoma Residential Landlord and Tenant Act, *supra*, it is provided:

Application of Act.

"Except as otherwise provided in the act, this act applies to, regulates and determines rights, obligations and remedies *under a rental agreement*, whenever made, for a dwelling unit located in this state." (emphasis added)

We find nothing in the Act which would extend applicability to the Appellant herein.

II

██ The proximate cause of an event must be that which in a natural and continuous sequence, unbroken by an indepen-

---

1. A "wheelie" is a bicycle maneuver in which the bicycle rider pulls back on the handle bars, raising the front wheel off of the ground, while continuing to ride on the rear wheel.

dent cause, produces the event and without which the event would not have occurred.[2] Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof.[3] Applying these principles to the instant case, the discarded dresser, cement block and brick cannot be considered the proximate cause of the Appellant's accident. We note that none of these materials are dangerous in and of themselves; that Appellant and his friends removed the materials from the trash receptacle areas of their own volition; and that Appellant and his friends not only had to disassemble the dresser, but actually constructed the ramp itself. Clearly, the acts of the Appellant in concert with other individuals acting independently constitute the efficient proximate cause of Appellant's injury. No issue of fact exists. The trial court, thus, was bound to sustain the motion for summary judgment.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS REVERSED AND VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS, KAUGER, SUMMERS, JJ., concur.

OPALA, J., concurs in judgment.

---

**2.** *Beesley v. United States,* 364 F.2d 194 (10th Cir.1966), and cases cited therein, wherein the law of proximate cause in Oklahoma is clearly delineated.

