ESTATE OF Wesley C. JONES, Deceased, By and Through his Personal Representative, Ella Mae JONES; Ella Mae Jones, individually; Twila Sue Cargill, individually; Cheryl Lynn Rauylarp, individually; William Wesley Jones, individually; and Travis Dale Jones, individually, Appellants,

v.

MASSEY MOTORS, INC. and Michael Laborde, Appellees,

and

Clarence Paul Gray, Defendant.

No. 71271.

Court of Appeals of Oklahoma, Division No. 3.

July 3, 1990.

Rehearing Denied Sept. 5, 1990.

James F. Self, Jr., Walsh, Zorn & Self, and Rex Travis, Oklahoma City, for appellants.

David D. Wilson, and Angela D. Ailles, Oklahoma City, for appellee, Michael Laborde.

Brigid F. Kennedy, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellee, Massey Motors, Inc.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellants seek review of a trial court order sustaining Motions for Summary Judgment filed separately by Appellees. Appellants contend summary judgment was improper because a material question of fact existed which should have been presented to a jury. We agree and REVERSE.

The relevant facts, as agreed and reflected in the evidentiary materials attached to the parties' respective summary judgment pleadings, are as follows. Wesley Jones was killed and William Jones was injured when defendant Gray failed to stop at a stop sign and collided with the Jones' vehicle. Gray was traveling at approximately 65 mph at the time of the accident and was attempting to get away from a following vehicle driven by Appellee Laborde. Gray was not then aware who was in the vehicle behind. Laborde, who was an employee of Appellee Massey Motors acting within the scope of employment, intended to disable Gray's vehicle so it could be repossessed. Laborde states he was following Gray, separated by several vehicles, when he saw Gray "nail" it (accelerate rapidly) after turning at a stop sign. When Laborde got to the stop sign and turned, he also "nailed" it. Laborde esti-

mated he was one half mile behind Gray at a speed of 65 mph, but did not see the accident because Gray had gone over a hill. Appellees did not agree with Appellants' description of the events as a "high speed chase".

Laborde and Massey Motors each filed a Motion for Summary Judgment, but presented essentially the same argument— Laborde's actions, if negligent, merely furnished a condition for the accident, which was the proximate result of the intervening acts of causation by Gray. Appellees further argued that Gray's act of failing to stop could not have been foreseeable by Laborde. Appellants, citing *Thompson v. Presbyterian Hospital,* 652 P.2d 260 (Okla. 1982), argued in response that the consequences of both Gray's and Laborde's actions were foreseeable, and that because the consequences were foreseeable, intervening cause is not a defense. While admitting Gray's failure to stop was one proximate cause, Appellants also contended there may be a combination of proximate causes. In granting summary judgment, the trial court specifically found that Laborde's actions "constituted a mere condition" and that the accident "was caused solely by the negligence of" Gray.

Upon review of a grant of summary judgment, we must examine pleadings and evidentiary materials presented to the trial court to determine if there was substantial controversy as to any material fact. Summary judgment should only be affirmed where there is no such controversy. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780 (Okla.1976).

As previously discussed, the relevant record reveals that the parties clearly disagree on the issue of foreseeability, as it affects the determination of whether Gray's actions were an effective intervening, or more properly, supervening, cause. The Supreme Court has dealt with this issue in *Atherton v. Devine,* 602 P.2d 634 (Okla.1979), where it held:

Foreseeability is an essential element of proximate cause in Oklahoma, and it is the standard by which proximate cause, as distinguished from the existence of a mere condition, is to be tested. 602 P.2d at 636; and,

Foreseeableness becomes a question of law for the court only when one reasonable conclusion can be drawn from the facts. 602 P.2d at 637.

Here, Laborde, acting as agent for Massey Motors, continued in pursuit of Gray at 65 mph, which was 20 mph above the speed limit, after it had become obvious that Gray was attempting to evade him. We cannot say as a matter of law that it was not foreseeable to Laborde that Gray may violate other traffic laws, such as stop signs, to make good his escape; or that because of his speed Gray would not somehow endanger other motorists. We therefore find that question of foreseeability was one of material fact, that it was in substantial controversy when the trial court granted summary judgment, and that more than one reasonable conclusion could have been drawn from the facts. The question of foreseeability was one for the jury, not the court. Accordingly, the trial court erred in granting Appellees' motions for summary judgment.

REVERSED AND REMANDED for further proceedings.

ADAMS, J., concurs.

BAILEY, J., dissents.