David **MOONEY**, Appellant,

v.

**YOUNG MENS CHRISTIAN ASSOCIATION OF GREATER TULSA, TULSA COUNTY, Oklahoma, Defendant,**

**and**

**Otis Elevator Company, Appellee.**

No. 75861.

Supreme Court of Oklahoma.

March 30, 1993.

---

Frasier & Frasier by James Garland III, and Bryce A. Hill, Tulsa, for appellant.

Richard M. Healy, Oklahoma City, for appellee.

McDaniel & Associates by Dale F. McDaniel, Tulsa, for defendant Young Mens Christian Ass'n of Greater Tulsa.

HODGES, Chief Justice.

In this tort action, the issue is whether the district court erred in granting summary judgment in favor of the defendant Otis Elevator Company. The Court of Appeals affirmed the trial court, and this Court granted certiorari.

The plaintiff, David Mooney (Mooney), brought this action against the Young Mens Christian Association (YMCA) and Otis Elevator Company (Otis). The YMCA moved for summary judgment which the trial court denied. The ruling on the YMCA's motion was not appealed and is not before this Court.

■ Otis also moved for summary judgment. However, Otis' motion was granted. As part of its motion, Otis submitted the required statement of uncontroverted facts. *See* Okla.Stat. tit. 12, ch. 2, app., rule 13(a) (1991). The plaintiff, David Mooney, did not contest any of the defendant's proposed uncontroverted facts. Therefore, all those facts are deemed admitted. *See id.* at rule 13(b). Even so, Otis must show that it is entitled to judgment as a matter of law. *Id.* at rule 13(e).

■ In his brief in response to the motion for summary judgment, Mooney stated that an affidavit and a maintenance contract were attached as exhibits. However, those exhibits were not attached to his brief as required by rule 13(b) and were not before the trial judge. Therefore, those exhibits will not be considered by this Court. *Hulsey v. Mid–America Preferred Ins. Co.*, 777 P.2d 932, 936 (Okla.1989). Also, the pages of a deposition which were attached to Mooney's brief on appeal and which were not part of the record on appeal will not be considered by this Court. *Id.*

Otis' statement of uncontroverted facts show that, on the evening of the accident, Mooney boarded an elevator in the YMCA. At the time, he was under the influence of alcohol. There was no one else on the elevator. The elevator stopped between the second and third floors. It is not known why the elevator stopped. After the elevator stopped, Mooney called for help.

Mooney was told to sit down and help would be summoned. Some of the residents of the YMCA went to get help. A few minutes later, Mooney got out of the elevator and fell into the elevator shaft. Mooney was injured as a result of the fall. Mooney has no recollection of the events which took place on the evening of the accident.

After the accident, the elevator was thoroughly checked and no problems were found. The elevator was manufactured by Otis Elevator Company in 1952 or 1953 and was installed in the YMCA in 1953.

In their brief in support of the motion for summary judgment, the defendants argued that section 109 of title 12 barred Mooney's claim. Section 109(i) provides:

No action in tort to recover damages (i) for any deficiency in the design, planning supervision or observation of construction or construction of an improvement to real property ... shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

■ Mooney sued Otis claiming inadequate maintenance, operation, and installation of the elevator. Mooney's claim for the negligent installation was brought more that ten years after the elevator was installed in the YMCA. Therefore, Mooney's claim for negligent installation of the elevator was barred by section 109. However, section 109 did not bar Mooney's claim against Otis for negligent maintenance and operation of the elevator. Partial summary adjudication should have been granted only on the claim for negligent installation and not on the claims for negligent maintenance and operation of the elevator.

■ Otis also argues that, even if it did improperly maintain and operate the elevator as Mooney alleges, it was not liable because it was Mooney's acts which caused his injuries. A tortfeasor is generally responsible only when the tortfeasor's

acts are the proximate cause of the injury. *Atherton v. Devine*, 602 P.2d 634, 636 (Okla.1979). However, a supervening cause will relieve the tortfeasor of liability. *Minor v. Zidell Trust*, 618 P.2d 392, 394 (Okla.1980); *Atherton*, 602 P.2d at 636. For an intervening act to cut off a tortfeasor's liability "(1) it must be independent of the original act (2) it must be adequate of itself to bring about the result and (3) it must not have been a reasonably foreseeable event." *Minor*, 618 P.2d at 394.

■ Otis argues that Mooney's actions constitute an intervening act because it was not foreseeable that Mooney would try to escape from the stuck elevator. "As a general rule, the question of proximate cause in a negligent tort case is one of fact for the jury. It becomes one of law when there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries." *Thompson v. Presbyterian Hospital, Inc.*, 652 P.2d 260, 263 (Okla.1982). From the facts presented in the Motion for Summary Judgment, a jury could reasonably find a causal connection between Otis' acts and the resulting injury.

The trial court should have granted summary adjudication in favor of Otis on the claim for negligent installation of the elevator. However, material facts exist precluding summary adjudication on the claim for negligent maintenance and operation of the elevator. Therefore, this matter is remanded to the trial court.

**COURT OF APPEALS' OPINION VACATED; DISTRICT COURT'S JUDGMENT REVERSED; CAUSE REMANDED.**

LAVENDER, V.C.J., and OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting.

I would deny appellant's petition for certiorari.