Anthony E. BUTLER, Jr., a minor child, By and Through his Father and Next Friend, Anthony E. BUTLER, Sr., and Anthony E. Butler, Sr., an Individual, Appellant,

v.

OKLAHOMA CITY PUBLIC SCHOOL SYSTEM, Appellee.

No. 79958.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 15, 1994.

James D. "Don" Porter, Oklahoma City, for appellants.

Mark E. Bialick, David B. Donchin, Oklahoma City, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

Appellant's son was injured after being pushed by a fellow middle school student from the bleachers in the school gymnasium. Appellant sought damages for his son's injuries from the School District, alleging a negligent lack of supervision in the gymnasium. The trial court granted summary judgment to Appellee, School District. From that order this appeal is brought.

Appellee's Motion for Summary Judgment set out those facts it claims to be material and undisputed. Reference was properly made to evidentiary materials from where those facts were taken and copies were attached to the motion. Those facts established that on the day in question the shop teacher was absent and the students were told to go to the gym. There they could either play volleyball or sit in the bleachers. Appellant's son (Anthony) sat in the bleachers. A fellow student (J.C.) sat down beside Anthony and started teasing him. Anthony got up and moved down the row where he started talking to another student on the gym floor. J.C. then came over and pushed or threw Anthony off the bleachers to the floor below. Further, the undisputed facts were that J.C.'s act was intentional and the entire incident took place in just a few seconds. The children in the immediate area were not being rowdy or misbehaving. And, in Anthony's opinion, nothing could have prevented this incident.

In his response to Appellee's Motion for Summary Judgment Appellant did not contest Appellee's statement of undisputed facts, nor did Appellant refer to or attach any evidentiary materials to his pleading as provided by District Court Rule 13. Appellant did, however, raise two "fact questions" on which he contends reasonable men could differ: (1) whether placing 150 or more children in the gymnasium with just one teacher present to supervise them was negligent; and, (2) whether having an insufficient number of school personnel in the gymnasium was the proximate cause of Appellant's son's injuries.

■ As to the first fact question, Appellant neither referred to nor attached evidentiary materials that would tend to show any part of it to be a fact. We cannot assume for summary judgment purposes how many children or how few teachers were present. District Court Rule 13, however, is quite clear in its requirement that all such statements of material fact be supported by evidentiary "... materials containing facts that would be admissible in evidence ...". A mere contention that a material fact exists without providing the evidentiary proof of the alleged fact is not sufficient to withstand summary judgment. *Loper v. Austin*, 596 P.2d 544 (Okl.1979). Such assertions simply fail to establish the "substantial controversy" required by Rule 13 to defeat a motion for summary judgment. *Mengel v. Rosen*, 735 P.2d 560 (Okl.1987). Appellant's second fact question assumes the existence of fact no. 1 and would only be a proper subject for consideration if there was evidence of inadequate supervision of the children.

■ When Appellee's Motion for Summary Judgment set forth evidence showing no substantial controversy as to the material facts, the burden of proof shifted to Appellant to present *evidence* showing the existence of material factual disputes justifying a trial on the issues. *Gilmore v. St. Anthony Hospital*, 598 P.2d 1200 (Okl.1979); *Parsons v. Wood*, 584 P.2d 1332 (Okl.1978). Appellant has failed to meet this burden.

■ Even though Appellee's "undisputed facts" are deemed admitted due to Appellant's failure to contest them, Appellee, as movant, must still show itself entitled to judgment as a matter of law. *Mooney v. YMCA of Greater Tulsa*, 849 P.2d 414 (Okl. 1993). The undisputed and uncontested facts show that another student came up to Appellant's son who was sitting on the gymnasium bleachers, and without warning or provocation pushed or threw him off the bleachers and onto the floor. There was no fight or unruly behavior that preceded the incident. In fact, it was over in a matter of seconds. Appellant's son knew nothing that could have prevented the incident from occurring.

The thrust of Appellee's Motion for Summary Judgment was that there was no evi-

dence the incident was caused by a failure to supervise. In other words, it is merely speculation or conjecture that this incident would not have occurred with better supervision. In response to the Motion for Summary Judgment, not only did Appellant fail to produce evidence of inadequate supervision, he also failed to produce any evidence which would tend to prove that a lack of supervision caused the incident.

The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any independent cause, produces the event and without which the event would not have occurred. *Gaines v. Providence Apartments*, 750 P.2d 125 (Okl. 1987). From the facts presented it is undisputed that the incident was directly caused by the intentional conduct of a third person. Even construing these facts in the light most favorable to Appellant, it cannot be said that a lack of supervision (assuming there was such lack), produced the incident in a natural and continuous sequence, unbroken by any independent cause. Speculation is the antithesis of proximate cause and it is certainly speculation that the incident would not have occurred with better supervision.

The order granting summary judgment is affirmed.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.