Kevin ELLEDGE, Appellant,

v.

Rodney STARING, Super Flow Testers Inc., Phillips Petroleum Company, Inc., Appellees.

No. 87,739.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 20, 1996.

Rehearing Denied Jan. 30, 1997.

Certiorari Denied April 16, 1997.

Stephen H. Buzin, Chickasha, Oklahoma, for Appellant.

Stephen L. DeGuisti, Oklahoma City, and F. Thomas Cordell, Jr., Chickasha, for Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge.

Appellant/Plaintiff seeks review of a summary judgment entered against him in this personal injury, negligence action. Summary judgment was sought on several different grounds. We find the summary judgment to have been properly granted.

Appellant was injured when his motorcycle collided with an oncoming vehicle that made a left turn across his lane in front of him on a rural two lane highway. It was dark and the weather was clear. Appellant was wearing sunglasses and was returning home from a bar where he had been drinking beer. After the accident, his blood alcohol level was found to be .128%.

Appellant brought suit against Staring, the driver of the vehicle that made the left turn in front of Appellant's oncoming motorcycle. He also sued Phillips Petroleum Co., Inc. and Super Flow Testers, Inc. Appellant settled his claim against Staring and dismissed him from the suit. Subsequently, Phillips and Super Flow Testers sought summary judgment.

Phillips was alleged to be the operator of an oil well just south of the accident site. Super Flow Testers was a contractor hired by Phillips to assist in a frac job for the well. Beginning March 28, 1991, gas coming from the well as a result of the frac job was "flared" off. The flare stack was located approximately 50 yards south of the highway. Appellant alleged that Phillips and Super Flow Testers were each responsible for the flaring of the gas and that the gas flare caused the accident because it blinded motorists on the highway. The accident occurred on March 29, 1991, at approximately 7:30 o'clock p.m.

As stated, Appellees sought summary judgment on several grounds. They argued the gas flare was not the proximate cause of the accident; they breached no duty to Appellant by their flaring of gas; even if there was some negligence in the flaring of gas, it was, at most, a mere condition and not the proximate cause of the accident; and, the act of Staring making an illegal left turn into Appellant's path was a supervening cause of

the accident. Super Flow Testers additionally asserted that it had nothing to do with the placement of the flare, the decision to use it or how much gas was to be flared.

■ The lack of evidence establishing proximate cause is decisive here. Proximate cause, obviously, is an essential element of a negligence action. *Johnson v. Mid–South Sports,* 806 P.2d 1107, 1109 (Okla.1991). Proximate cause is defined as "that which in a natural and continuous sequence, unbroken by an independent cause, produces the event and without which the event would not have occurred." *Gaines v. Providence Apartments,* 750 P.2d 125, 126–27 (Okla.1987); *Johnson v. Mid–South Sports,* supra, at 1109. The *foreseeability* of injury as a result of the negligent act is also an essential element of proximate cause. *Atherton v. Devine,* 602 P.2d 634, 636 (Okla.1979). The question of proximate cause becomes one of law when there is no evidence from which the jury could find a causal nexus between the negligent act and the resulting injuries. *Thompson v. Presbyterian Hosp., Inc.,* 652 P.2d 260, 263 (Okla.1982); *Jackson v. Jones,* 907 P.2d 1067, 1073 (Okla.1995). The failure to establish that Defendant's negligence was the proximate cause of the harmful event is fatal to Plaintiff's claim. *Thompson v. Presbyterian Hosp., Inc.,* supra at 263.

Appellees assert in their motions for summary judgment that the proximate cause of the accident was the negligence of Staring who failed to yield the right-of-way to Appellant in making a left turn across Appellant's lane directly in front of him. Ample evidence is presented that Staring is the tortfeasor. The necessary causal link between Appellees gas flaring and the accident is established only if their gas flaring activities caused Staring to turn into the path of Appellant. In responding to the motions for summary judgment, Appellant presented evidence in the form of *his* own deposition testimony that light from the flare prevented him from seeing the Staring vehicle. That might excuse Appellant's own negligence if there was any. It does not, however, address why Staring turned into the path of Appellant's oncoming motorcycle.

Appellant attempted to establish this evidentiary link between the gas flaring and Staring's driving through an affidavit of James Turner, an investigator hired a year after the accident by an earlier attorney representing Appellant. In this regard, the affidavit states, "Rodney Staring told me that if the flare had not been present he could have seen Kevin Elledge's [Appellant's] motorcycle approaching or at least have heard it." Both Appellees objected to this "evidence" and moved to strike it on the grounds that it was inadmissible hearsay, was speculative rather than factual and was irrelevant.

■ This aspect of the affidavit is clearly inadmissable hearsay. See 12 O.S.1991 §§ 2801 and 2802. Rule 13(b), Rules for District Courts of Oklahoma,[1] requires of a party opposing a motion for summary judgment to show by the use of materials containing facts that would be admissible in evidence that there are material facts in controversy which should preclude the granting of summary judgment. Rule 13(c) requires that affidavits supporting, or in opposition to a motion for summary judgment, "shall be made on personal knowledge" and "shall set forth matters that are admissible in evidence." cf. *Davis v. Leitner,* 782 P.2d 924, 927 (Okla.1989) (Evidentiary materials attached to a response to a motion for summary judgment need not themselves be admissible into evidence. Such "[s]upporting materials are sufficient if they show the reasonable probability, something beyond a mere contention, that the opposing party will be able to produce competent, admissible evidence at the time of trial which might reasonably persuade the trier of fact in his favor on the issue in dispute.") In *Davis* a letter attached to a response to a motion for summary judgment satisfied the Rule 13(b) requirements because the information contained therein, if testified to by the author, would be relevant and admissible on a material question of fact. In the instant case the statements in the affidavit would still be inadmissible hearsay at trial even if the affiant testified in person. The affidavit failed to comply with Rule 13 and the trial court could not properly have con-

**1.** 12 O.S. Ch. 2, App. 1.

sidered the hearsay contained therein. Nor on review can the appellate court consider any material that was not *properly* before the trial court. *Hadnot v. Shaw*, 826 P.2d 978, 982 (Okla.1992). This Court is left with the fact that there was no proper evidence that would establish a causal link between the flaring of gas and Appellant's accident.

We have examined the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue as to any material fact. They have been viewed in the light most favorable to Appellant. The materials reviewed reveal the cause of the accident to be the tortious conduct of former Defendant, Staring. There is a fatal lack of evidence that the accident was caused by Appellee's gas flaring activities. Summary judgment was properly granted.

AFFIRMED.

ADAMS, V.C.J., and GARRETT, J., concur.